1
2
3
4
5
6
7
8                   UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MICHAEL DEWAYNE OUTLEY, JR.          Case No.  2:25-cv-1953-DC-JDP (PS)

12                Plaintiff,

13        v.                              ORDER

14   COUNTY OF STANISLAUS, *et al.*,

15                Defendants.

16

17         Michael Dewayne Outley, Jr. ("plaintiff") brings this section 1983 action against

18   numerous defendants associated with Stanislaus and Modesto counties, alleging that his rights

19   were violated when he was subjected to false arrest, an illegal search and seizure, and excessive

20   force by members of the Stanislaus County Sheriff's Department and firefighters from Modesto

21   County. ECF No. 1 at 2. These claims, however, appear to be barred by the *Younger*[1] abstention

22   doctrine because plaintiff is still contesting relevant state criminal charges. I will dismiss the

23   complaint and give plaintiff an opportunity to explain why his claims should still proceed. I will

24   also grant plaintiff's application to proceed *in forma pauperis*. ECF No. 4.

25

26

27

28         [1] *Younger v. Harris*, 401 U.S. 37 (1971).

                                            1

### Screening and Pleading Requirements

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

### Analysis

Plaintiff alleges that he was subjected to excessive force and falsely arrested after he approached a Modesto fire station and attempted to lodge a grievance concerning threats that firefighters had allegedly made against him. ECF No. 1 at 13-18. He appears, however, to allege that this incident is the subject of ongoing state criminal charges against him. *Id.* at 3. Thus, it

appears that the *Younger* abstention doctrine applies. This abstention doctrine applies where: "(1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves." *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008). Here, state criminal proceedings appear to be ongoing, and those proceedings implicate important state interests. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986). Nothing appears to preclude the litigation of plaintiff's false arrest and illegal search and seizure claims in state court. The excessive force claims might not be subject to the *Younger* bar, but it is difficult to tell without knowing exactly what plaintiff has been charged with. Some charges, like resisting arrest, implicate the question of whether the force was excessive and, thus abstention would be appropriate. m or by using excessive force would interfere with those proceedings. *See Robinson v. City of San Jose*, No. 19-cv-06768-NC, 2020 U.S. Dist. LEXIS 271322, *4 (N.D. Cal. Jul. 21, 2020). Fourth, adjudicating the claims plaintiff raises here requires fact-finding that might be at odds with the factual determinations in his criminal case.

The complaint is dismissed with leave to amend. Plaintiff may file an amended complaint that explains why, if at all, his claims should proceed. Any amended complaint will entirely supersede the initial one and must be complete in itself. It should be titled "First Amended Complaint" and be filed within thirty days of this order's entry.

Accordingly, it is ORDERED that:

1. Plaintiff's complaint, contained in ECF No. 1, is DISMISSED with leave to amend.

2. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

1          4.  The Clerk of Court shall send plaintiff a complaint form with this order.

2          5.  Plaintiff's application to proceed *in forma pauperis*, ECF No. 4, is GRANTED.

3

4     IT IS SO ORDERED.

5

6     Dated:    October 28, 2025

                                              JEREMY D. PETERSON
7                                             UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                              4