UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DEWAYNE OUTLEY, JR., | Case No.  2:25-cv-1953-DC-JDP (PS) |
| Plaintiff, | |
| v. | ORDER; FINDINGS AND RECOMMENDATIONS |
| COUNTY OF STANISLAUS, *et al.*, | |
| Defendants. | |

Plaintiff brings this action against thirteen defendants, alleging violations of his rights in connection with an arrest that was effected on him in July 2023.  The first amended complaint's allegations are, for screening purposes only, sufficient to state a cognizable claim, and I will therefore direct service for the named defendants.  I will also deny his motion for reconsideration, ECF No. 8, as moot.  Finally, I will recommend that his motion for temporary restraining order, ECF No. 11, be denied.

**Screening Order**

**I.     Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

1

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.    Analysis**

The first amended complaint alleges that in 2023, plaintiff was wrongfully arrested, subjected to excessive force, and falsely accused of possessing a controlled substance. ECF No. 9 at 14-15. He alleges that these violations of his rights occurred because of customs or policies maintained by the municipal defendants. *Id.* at 18-23.

For purposes of screening, I find that the first amended complaint states a claim upon which relief can be granted and that service on the defendants is appropriate.

**Motion for Reconsideration**

Plaintiff's motion for reconsideration, ECF No. 8, of my previous screening order, that dismissed his initial complaint with leave to amend, ECF No. 7, is denied as moot.  Plaintiff is now permitted to proceed with the claims in the first amended complaint which are, in all substantive respects, identical to those in the initial complaint.  Granting his motion for reconsideration would not afford him any additional benefits, and, accordingly, it is denied as moot.

**Motion for Temporary Restraining Order**

Plaintiff has filed a motion for temporary restraining order, but it is not apparent what exact relief he is requesting.  He advances a theory that defendants are destroying the video evidence that is favorable to him, but he provides no evidence that this is either actually occurring or likely to occur.  ECF No. 11 at 3.  Accordingly, I recommend that this motion be denied without prejudice to renewal.  Plaintiff may file a better supported motion that indicates exactly what relief he would have the court grant.

Accordingly, it is hereby ORDERED that:

1.  Service is appropriate on defendants

2.  The Clerk of the Court is directed to issue process and to send plaintiff an instruction sheet for service of process by the United States Marshal, nine USM-285 forms, a summons form, and an endorsed copy of plaintiff's amended complaint filed

3.  Within thirty days after this order is served, plaintiff shall supply the U.S. Marshal all information needed by the Marshal to effect service of process.  The required documents shall be submitted directly to the United States Marshal either by personal delivery or by mail to:  United States Marshals Service, 501 I Street, Suite 5600, Sacramento, CA 95814 (tel. 916-930-2030).  The court anticipates that, to effect service, the U.S. Marshal will require, for each defendant, at least:

    a.  One completed summons;

    b.  One completed USM-285 form;

3

c. One copy of the endorsed complaint, with an extra copy for the U.S. Marshal; and

d. One copy of the instant order.

4. In the event the U.S. Marshal is unable, for any reason whatsoever, to effect service on a defendant within ninety days of receiving this order the Marshal is directed to report that fact, and the reasons for it, to the undersigned.

5. Within twenty-one days after submitting the required materials to the United States Marshals Service, plaintiff shall file with this court a declaration stating the date on which plaintiff submitted the required documents to the United States Marshal.  Failure to file the declaration in a timely manner may result in an order imposing appropriate sanctions.

6. Within sixty days after receiving the necessary materials from plaintiff, the United States Marshal is directed to serve process on defendants without prepayment of costs.

7. Plaintiff is cautioned that the failure to comply with this order may result in a recommendation that this action be dismissed.

8.  Plaintiff's motion for reconsideration, ECF No. 8, is DENIED as moot.

Further, it is RECOMMENDED that plaintiff's motion for temporary restraining order, ECF No. 11, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.


Dated:     January 14, 2026     

_____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE