UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DEWAYNE OUTLEY, JR., | Case No.  2:25-cv-1953-DC-JDP (PS) |
| Plaintiff, | |
| v. | ORDER; FINDINGS AND RECOMMENDATIONS |
| COUNTY OF STANISLAUS, *et al.*, | |
| Defendants. | |

Plaintiff has sued thirteen defendants for allegedly violating his rights in connection with his arrest in July 2023.  Plaintiff previously filed a motion for a temporary restraining order seeking to stop defendants from destroying evidence related to his claims.  ECF No. 11.  The court denied that motion on March 20, 2026.  ECF No. 20.  Pending now is plaintiff's renewed motion for a temporary restraining order and a renewed motion to proceed *in forma pauperis.*  I will deny the latter as unnecessary since I granted plaintiff's prior application and recommended that his renewed motion for a temporary restraining order be denied.

Plaintiff's first amended complaint alleges that in 2023, he was wrongfully arrested, subjected to excessive force, and falsely accused of possessing a controlled substance.  ECF No. 9 at 14-15.  He alleges that these violations of his rights occurred because of customs or policies maintained by the municipal defendants.  *Id.* at 18-23.  Specifically, plaintiff alleges that in July 2023, he helped resuscitate an individual who was suffering from an apparent drug overdose.  *Id.*

1

at 10.  After plaintiff administered aid, Stanislaus Fire Department arrived and took over, giving care to the individual.  *Id.* at 11.  Plaintiff maintains that he kept his distance while the firefighters administered aid, but that at one point he was told to give the firefighters more space.  *Id.*  Plaintiff complied with that request, but when Stanislaus Police showed up a short time later, plaintiff was handcuffed and ordered to leave the scene.  *Id.*

Plaintiff claims that the next evening he went to the firefighters' fire station around midnight to discuss the incident.  *Id.* at 11-12.  Plaintiff was met with hostility from members of the fire station and soon left.  *Id.* at 12.  Plaintiff returned to the station the next day and attempted to lodge a grievance.  *Id.* at 12-13.  After numerous conversations, which elevated in intensity, several firefighters caused plaintiff to fall to the ground and choked him.  *Id.* at 13.  A short while later, police arrived and searched plaintiff's bags and person and ultimately arrested him.  *Id.* at 13-14.

Plaintiff's renewed temporary restraining order seeks much of the same relief as his prior motion.  *See* ECF No. 11.  In his 75-page motion, plaintiff explains that on September 15, 2025, he obtained three CD-R discs, 911 call logs, and photos from the Stanislaus County District Attorney's Office—all related to his 2023 arrest.  Plaintiff was then arrested two days later on unrelated charges.  While incarcerated, he attempted to have his mother mail him the evidence obtained from the District Attorney's Office.  While in custody, plaintiff struggled to view the evidence, due in part to a broken *pro se* CD player and mail issues.  In light of the difficulties, plaintiff seeks four forms of relief: (1) re-obtain all evidence that was already produced to him; (2) obtain CCTV footage from an event that occurred on October 5, 2024 while plaintiff was incarcerated; (3) make sure that any evidence related to plaintiff is not destroyed; and (4) upon plaintiff's release from custody, prevent defendants from randomly searching or detaining plaintiff until the resolution of this case.  *Id.* at 7.

A temporary restraining order, as with any preliminary injunctive relief, is an extraordinary remedy that is not awarded as of right.  *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).  The standards governing temporary restraining orders are "substantially similar" to those governing preliminary injunctions.  *Washington v. Trump*, 847 F.3d 1151, 1159

n.3 (9th Cir. 2017).  To obtain injunctive relief, petitioner must show (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in her favor; and (4) that an injunction is in the public interest.  *Winter*, 555 U.S. at 20.  Although the court must consider all four *Winter* factors, the first factor—likely success on the merits—is the most important.  *Baird v. Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023).

Each form of relief plaintiff request should be denied.  First, a motion for injunctive relief is not the proper mechanism for re-obtaining evidence that defendants already produced to plaintiff.  Once defendants appear and a scheduling order issues, plaintiff will be permitted to seek discovery in compliance with the Federal Rules of Civil Procedure.  As an aside, plaintiff claims that he was in possession of the evidence, so the concern seems to be more about his ability to view the evidence.  Second, plaintiff seeks video evidence that is unrelated to his 2023 arrest, which this court cannot authorize.  *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction.").  Third, plaintiff has not provided sufficient evidence indicating that defendants are destroying evidence.  And finally, plaintiff's last request—that he not be detained or arrested until this case resolves— seeks relief that is outside the scope of his complaint.  *See id.*  Accordingly, I recommend that this motion be denied without prejudice.

Accordingly, it is hereby ORDERED that plaintiff's renewed motion to proceed *in forma pauperis*, ECF No. 23, is DENIED.

Further, it is hereby RECOMMENDED that plaintiff's renewed motion for temporary restraining order, ECF No. 18, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed

within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.


Dated:    April 20, 2026    
                                                                   
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE