UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DEWAYNE OUTLEY, JR., Plaintiff, v. COUNTY OF STANISLAUS, *et al.*, Defendants. | Case No. 2:25-cv-1953-DC-JDP (PS) ORDER |

Plaintiff, proceeding pro se, filed this action against twelve defendants for allegedly violating his rights in connection with his arrest in July 2023.[1] City of Modesto, Modesto City Fire Department, Avila, Hauselmann, Huson, and Merrill ("the Modesto defendants") have filed a motion to dismiss the first amended complaint ("FAC"). ECF No. 28. Plaintiff has filed a motion to stay, ECF No. 48, and a motion to strike affirmative defenses in the answer filed by County of Stanislaus, Stanislaus County Sherrif's Department, Dirkse, Michaelis, Luna, and Ballance ("the County defendants"), ECF No. 43. For the reasons stated below, the Modesto defendants' motion is granted, plaintiff's motion to stay is denied, and plaintiff's motion to strike is granted in part.

[1] The defendants are: County of Stanislaus, Stanislaus County Sherrif's Department, officer Jeff Dirkse, officer Mathew Michaelis, officer Anthony Luna, officer Barry Ballance, City of Modesto, Modesto City Fire Department, battalion chief Jerardo Avila, captain Josh Hauselmann, firefighter Micah Huson, and firefighter Nicolas Merrill. ECF No. 9 at 2-4.

**Background**

The following allegations are taken from the FAC and, for purposes of this order, are assumed to be true. Plaintiff alleges that in 2023, he was wrongfully arrested, subjected to excessive force, and falsely accused of possessing a controlled substance. ECF No. 9 at 14-15. Specifically, in July 2023, plaintiff helped resuscitate an individual who was suffering from an apparent drug overdose. *Id.* at 10. After plaintiff administered aid, Modesto City Fire Department arrived and took over, providing care to the individual. *Id.* at 11. Plaintiff kept his distance while the firefighters administered aid, but defendant Mann told plaintiff that if he did not move further back, Mann was going to "slam him on his face." *Id.* Plaintiff complied with that request, but when Stanislaus County Sheriff's Department later arrived, plaintiff was handcuffed before ultimately being released and ordered to leave the scene. *Id.*

On the next evening, plaintiff went to the Modesto defendants' fire station around midnight to "voice his complaint" about how he was treated. *Id.* at 11-12. Plaintiff was met with hostility from defendants Hauselmann, Merrill, and Huson, who "slammed the fire station door" in plaintiff's face. *Id.* at 12. Plaintiff returned to the station the next day and attempted to lodge a grievance. *Id.* at 12-13. After numerous conversations, which elevated in intensity, several firefighters caused plaintiff to fall to the ground and choked him. *Id*. A short while later, police arrived and searched plaintiff's bags and person and ultimately arrested him. *Id.* at 13-14. Plaintiff was transported to the hospital for medical care before being processed at a local holding facility. *Id*. at 16-17.

**Procedural History**

Plaintiff initiated this action in July 2025 and filed the FAC in December 2025. ECF Nos. 1 & 9. Plaintiff brings the following claims: (1) violation of the Fourth Amendment pursuant to 42 U.S.C. § 1983 against all defendants; (2) excessive force pursuant to section 1983 against all defendants; (3) excessive force in violation of the California Constitution against all defendants; (4) violation of the Bane Act against all defendants; (5) assault and battery against all defendants except Luna; (6) negligence against all defendants except Luna; (7) failure to train and failure to intervene against County of Stanislaus, Stanislaus County Sheriff's Department, Dirkse, City of

Modesto, Modesto City Fire Department, Avila, and Hauselmann; and (8) conspiracy against Michaelis, Ballance, Luna, Avila, Hauselmann, Huson, and Merrill. ECF No. 9 at 33-47.

In May 2026, the Modesto defendants filed a motion to dismiss. ECF No. 28. Plaintiff has filed an opposition, ECF No. 32, and the Modesto defendants have filed a reply, ECF No. 36.

In June 2026, plaintiff filed a motion to strike affirmative defenses in the County defendants' answer. *See* ECF Nos. 37 & 40. Eight days thereafter, the County defendants filed an amended answer, ECF No. 41.[2] The following week, plaintiff filed a motion to strike affirmative defenses in the amended answer, ECF No. 43. The County defendants have filed an opposition, ECF No. 46, and plaintiff has filed a reply, ECF No. 47.

On September 3, 2026, plaintiff filed a motion to stay, ECF No. 48. Plaintiff captioned this motion as a "motion for stay of proceedings for County defendants['] willful and unnecessary interference with plaintiff's access to court." *Id*. at 1. However, only the table of contents and table of authorities have been filed. *See id*. at 1-3. While plaintiff's page citations indicate that he intended to submit at least fifteen pages, only three have been filed, and none contain any argument for a stay. *See id*. Accordingly, plaintiff's motion to stay, ECF No. 48, is denied without prejudice.

## Motion to Dismiss

### A. Legal Standard

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when a plaintiff "pleads

[2] Consequently, plaintiff's motion to strike affirmative defenses in the County defendants' original answer, ECF No. 40, is denied as moot.

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In assessing the sufficiency of the pleadings, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Outdoor Media Grp., Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Id.* at 664. Those facts must be sufficient to push the claims "across the line from conceivable to plausible." *Id.* at 683. Ultimately, the allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). However, a liberal interpretation of a complaint "may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. Of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

**B. Analysis**

The Modesto defendants move to dismiss all claims against them. ECF No. 28-1. Principally, they argue that plaintiff's federal claims are inadequately pled and that plaintiff's state claims must be dismissed because he did not plead compliance with the California Government Claims Act. Plaintiff, for his part, asserts that the federal claims are adequately pled and that because he presented his claims to the County, the Modesto defendants had adequate notice. ECF No. 32.

Beginning with the federal claims, the Modesto defendants argue that the section 1983 claims fail to allege that they "acted under color of state law and concede[] their alleged conduct was done without 'lawful authority' as firefighters." ECF No. 28-1 at 5. Plaintiff counters that because he pleads that the Modesto defendants were "in uniforms with badges" at the fire station, they were acting under color of law. ECF No. 32 at 4-5.

"The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). "Thus, generally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *Id*. at 50. "[T]he acts of state employees [must] be under pretense of some state law" but that "pretense is lacking if the wrongful act is not in any way related to the performance of the duties of the state employee." *Dang Vang v. Vang Xiong X. Toyed*, 944 F.2d 476, 479 (9th Cir. 1991) (cleaned up). "There is no rigid formula for determining whether a state or local law official is acting under color of state law." *Anderson v. Warner*, 451 F.3d 1063, 1068 (9th Cir. 2006) (cleaned up). Rather, the inquiry "turns on the nature and circumstances of the officer's conduct and the relationship of that conduct to the performance of his official duties." *Id*. (cleaned up).

Here, while plaintiff alleges that the Modesto defendants violated his rights, he concedes that "as firefighters they do not have invested authority to make arrests, pursue and/or search, nor touch evidence related to an active crime scene." *See* ECF No. 9 at 13. Moreover, as the Modesto defendants note, courts faced with this issue have found that firefighters arresting an individual are not acting under color of law. *See Ragasa v. Cnty. of Kauai*, No. 03-cv-0540-BMK, 2006 WL 753021, at *6 (D. Haw. Mar. 22, 2006); *Vanderlinde v. Brochman*, 792 F. Supp. 52, 53 (N.D. Ill. 1992); *Lord v. Riley*, 921 F.2d 272 (4th Cir. 1990).

Plaintiff does not allege that detaining him is "in any way related to the performance of the duties" of the Modesto defendants. *See Dang Vang*, 944 F.2d at 479. Neither does he plead that the Modesto defendants were "exercising [their] responsibilities pursuant to state law." *See*

*West*, 487 U.S. at 50. On the contrary, plaintiff alleges that the Modesto defendants had no authority to detain him. *See* ECF No. 9 at 13. That plaintiff alleges the Modesto defendants were "in uniforms with badges" does not make their actions under the color of law. *See* ECF No. 32 at 4-5. Indeed, the inquiry is not whether the Modesto defendants were state actors at the time of plaintiff's detention, but rather whether they "exercised power possessed by virtue of state law and made possible only because [they were] clothed with the authority of state law." *See West*, 487 U.S. at 49 (cleaned up). Accordingly, because plaintiff fails to adequately allege that the Modesto defendants were acting under color of law, his section 1983 claims against them must be dismissed.[3]

With regard to plaintiff's conspiracy claim, "[t]o prove a conspiracy between private parties and the government under § 1983, an agreement or 'meeting of the minds' to violate constitutional rights must be shown." *Fonda v. Gray*, 707 F.2d 435, 438 (9th Cir. 1983). The Modesto defendants argue that plaintiff "does not plausibly allege a meeting of the minds between Defendants and deputies regarding the arrest, use of force, or criminal charges." ECF No. 28-1 at 6-7. Plaintiff does not address this claim in his opposition. *See* ECF No. 32. In the FAC, plaintiff alleges that defendants "chose to conspire and fabricate charges to justify the unlawful discriminatory use of force and search of seizure," but he provides no factual allegations to support this conclusory allegation. *See* ECF No. 9 at 46. This allegation, standing alone, is insufficient to state a conspiracy claim. *See Lopez v. California*, No. 22-55352, 2023 WL 6937302, at *1 (9th Cir. Oct. 20, 2023) (affirming the district court's dismissal of a conspiracy claim where the plaintiff "only made a conclusory allegation of conspiracy" and "did not properly plead any specific facts that show a conspiracy or joint action"). Accordingly, plaintiff's conspiracy claim against the Modesto defendants must be dismissed.

---

[3] Consequently, plaintiff's *Monell* claim against the Modesto defendants must also be dismissed. *See Lockett v. Cnty. of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020) ("[A] plaintiff cannot succeed on a *Monell* claim without establishing an *officer's* deprivation of a federal right.") (emphasis in original).

Lastly, the Modesto defendants argue that the state law claims against them fail because plaintiff does not allege compliance with the California Government Claims Act. ECF No. 28-1 at 8-9. Under the California Government Claims Act, a plaintiff may not bring a suit for monetary damages against a public employee or entity unless the plaintiff has first presented the claim to the California Victim Compensation and Government Claims Board ("VCGCB"), and the VCGCB has acted on the claim, or the time for doing so has expired. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2. To be timely, a claim must be presented to the VCGCB "not later than six months after the accrual of the cause of action." *Id.* § 911.2. Thereafter, "any suit brought against a public entity" must be commenced no more than six months after the public entity rejects the claim. *Id.* § 945.6, subd. (a)(1).

Federal courts must require compliance with the California Government Claims Act for pendant state law claims that seek damages against state employees or entities. *Willis v. Reddin*, 418 F.2d 702, 704-05 (9th Cir. 1969); *Mangold v. California Pub. Utilities Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995) ("The California Tort Claims Act requires, as a condition precedent to suit against a public entity, the timely presentation of a written claim and the rejection of the claim in whole or in part."); *Ruiz v. Flores*, No. 14-cv-0179-AWI, 2015 WL 3730793, at *1 (E.D. Cal. June 12, 2015) (confirming that "[s]trict compliance with the six-month period is required" for California Government Claims Acts). State tort claims included in a federal action, filed pursuant to 42 U.S.C. § 1983, may proceed only if the claims were presented in compliance with the applicable exhaustion requirements. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988); *Butler v. Los Angeles Cnty.*, 617 F. Supp. 2d 994, 1001 (C.D. Cal. 2008).

Plaintiff alleges that he presented claims to County of Stanislaus and Stanislaus County Sheriff's Department on December 13, 2024. ECF No. 9 at 5. However, plaintiff does not plead that he presented claims to City of Modesto or Modesto City Fire Department. *See id*. Plaintiff characterizes this issue as a "smoke screen" and argues that, because he presented the claims to the County defendants, the Modesto defendants should have had notice, too. ECF No. 32 at 6. While plaintiff's argument appears to be unfounded, the court need not analyze it further because

plaintiff concedes that he did not plead compliance with the California Government Claims Act as to the Modesto defendants. *See id*. Accordingly, plaintiff's state law claims against the Modesto defendants must be dismissed.

Because plaintiff has not previously had notice of the above-discussed pleading deficiencies, he will be granted leave to amend as to all claims.

**Motion to Strike**

**A. Legal Standard**

Federal Rule of Civil Procedure 12(f) provides that courts "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 966-67 (9th Cir. 2014) (internal quotations omitted). An affirmative defense can be deficient either in pleading or as a matter of law. *Kohler v. Islands Rests., LP*, 280 F.R.D. 560, 564 (S.D. Cal. 2012). In terms of pleading, "[t]he key to determining the sufficiency of pleading an affirmative defense is whether it gives [the] plaintiff fair notice of the defense." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). An affirmative defense is deficient as a matter of law only if it can be shown "that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." *Secs. & Exch. Comm'n v. Sands*, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995). Motions to strike affirmative defenses are disfavored challenges because they often amount to little more than a dilatory tactic. *See Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002).

**B. Analysis**

Plaintiff moves to strike seven affirmative defenses in the County defendants' amended answer.[4] ECF No. 43. The County defendants do not object to striking two of their affirmative defenses, specifically, the eighth affirmative defense that "to the extent plaintiff did not present a

---

[4] As an initial matter, plaintiff argues that the County defendants' amended answer was improperly filed. ECF No. 43 at 1-2. However, as noted, the County defendants filed their amended answer eight days after plaintiff filed a motion to strike their original answer. *See* ECF Nos. 40 & 41. Accordingly, the amended answer was proper under Federal Rule of Civil Procedure 15(a). *See* Fed. R. Civ. P. 15(a)(1)(B).

claim regarding the individually named defendants, the state law claims as to those defendants are barred" and the ninth affirmative defense that they "are immune from liability for damages, if any, arising from their investigation and enforcement of the law." *See* ECF No. 46 at 2. Given the County defendants' stipulation, the eighth and ninth affirmative defenses will be stricken. The court addresses the contested affirmative defenses in turn.

**1. Comparative Negligence of Plaintiff and Others**

The County defendants' first affirmative defense is that "plaintiff and others were negligent in and about the matters and things alleged in the complaint and said negligence caused or contributed to the injuries and damages alleged." ECF No. 41 at 2. Plaintiff argues that this affirmative defense is an attack on his case, a legal conclusion without factual support, and flawed. ECF No. 43 at 3. However, as the County defendants point out, "plaintiff's 57 page amended complaint contains numerous allegations of improper conduct of other parties and alleges various causes of action under California law in which comparative fault and fault of others are issues." *See* ECF No. 46 at 2. The court finds this affirmative defense to provide "fair notice" and therefore will not strike it. *See Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015) ("[T]he 'fair notice' required by the pleading standards only requires describing the defense in 'general terms.'").

**2. The County Defendants' Acts Were Justified, Privileged, and Reasonable**

The County defendants' fourth affirmative defense is that "the acts complained of regarding these answering defendants were justified, privileged, and reasonable under the circumstances." ECF No. 41 at 2. Plaintiff argues that this is "not an affirmative defense, but a negative defense and is conclusory." ECF No. 43 at 4. The County defendants counter that justification, privilege, and reasonableness under the circumstances are recognized affirmative defenses in California. The court agrees. *See Freed v. Manchester Serv., Inc.*, 165 Cal. App. 2d 186, 190 (1958). Accordingly, this defense will not be stricken.

**3. Eleventh Amendment Immunity**

The County defendants' fifth affirmative defense is that "the individually named defendants are immune from liability under the Eleventh Amendment to the extent they were

acting on behalf of the State of California." ECF No. 41 at 2. Plaintiff argues that this affirmative defense is "vague, ambiguous, and . . . misplaced" because the County defendants do not work for the state. ECF No. 43 at 4. The County Defendants assert that Dirkse, as sheriff, acts on behalf of the state "under certain circumstances" and that the FAC is "so broad and all-encompassing" that "it is not clear that the Eleventh Amendment does not apply to certain claims." ECF No. 46 at 2-3. While skeptical of the ultimate merits of this defense, the court finds it proper at this stage because courts have found California sheriffs to be entitled to Eleventh Amendment immunity in limited circumstances. *See Welchen v. Cnty. of Sacramento*, 343 F. Supp. 3d 924, 935 (E.D. Cal. 2018); *Bougere v. Cnty. of Los Angeles*, 141 Cal. App. 4th 237, 247 (2006). Accordingly, this defense will not be stricken.

**4. State Law Immunity**

The County defendants' sixth affirmative defense is that "they are immune from liability for state law claims pursuant to California Government Code sections 820.2 and 820.4 and California Penal Code sections 835(a), 836, 836.5, and 847(b)." ECF No. 41 at 2. Plaintiff argues that the County defendants "have not alleged which discretionary conduct by which employee is subject to immunity." ECF No. 43 at 5. However, as the County defendants point out, the determination of whether immunity is appropriate as to any alleged conduct "cannot be made at this stage of proceedings." *See* ECF No. 46 at 3. The court finds this affirmative defense to provide "fair notice" and therefore will not strike it. *See Kohler*, 779 F.3d at 1019.

**5. Facts or Theories of Liability**

The County defendants' seventh affirmative defense is that "to the extent the complaint reflects facts or theories of liability under state law against these answering defendants that were . . . not set forth in a claim, the state law claims are barred pursuant to Government Code sections 905 and 911.2." ECF No. 41 at 3. Plaintiff argues that this defense lacks "factual support" and is prejudicial given his pro-se status. ECF No. 43 at 5. The County defendants assert that this affirmative defense is directed "at any variance between the claim [presented to the government] and facts or theories plaintiff pursues in this litigation." ECF No. 46 at 3. However, the County defendants note that they "did not find clear case law" on this issue. *Id.*

As noted above regarding the Modesto defendants' motion to dismiss, under the California Government Claims Act, plaintiff may not bring a suit for monetary damages against the County defendants without first presenting a claim. *See* Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2. "Courts have consistently held that a civil action (or a claim alleged therein) is barred when . . . the complaint premises liability on an entirely different factual basis than that stated in the government claim." *Hernandez v. City of Stockton*, 90 Cal. App. 5th 1222, 1232 (2023).

The court is likewise unable to locate precedent establishing whether this affirmative defense is recognized. The Supreme Court of California has described other sections in the California Government Claims Act as affirmative defenses. *See Quigley v. Garden Valley Fire Prot. Dist.*, 7 Cal. 5th 798, 809 (2019). Additionally, the Supreme Court of California has noted without commentary that defendants have raised a similar affirmative defense as the County defendants do here. *See B.H. v. Cnty. of San Bernardino*, 62 Cal. 4th 168, 180 (2015) (noting that the defendants asserted "as an affirmative defense" that the plaintiff "failed to comply with the procedures required by Government Code sections 945.4 and 945.6"); *DiCampli-Mintz v. Cnty. of Santa Clara*, 55 Cal. 4th 983, 988-89 (2012) (noting that the defendant asserted an affirmative defense that the plaintiff "failed to comply with the provisions of the California Government Claims Act" and that the claims were therefore "barred by the provisions of Government Code §§ 810 through 1000, inclusive").

The foregoing decisions suggest that the County defendants may plead this affirmative defense. Even without such support, however, the court would still decline to strike it. Courts have recognized that "mistakenly categorizing a negative defense as an affirmative defense generally is not a basis for striking it." *In re Honest Co., Inc. Sec. Litig.*, 343 F.R.D. 147, 150 (C.D. Cal. 2022); *see also Harris v. Chipotle Mexican Grill, Inc.*, 303 F.R.D. 625, 628 (E.D. Cal. 2014) ("Regardless of whether or not these defenses are properly characterized as 'affirmative,' the court will deny plaintiffs' motion to strike them[.]"). The court fails to see how this affirmative defense prejudices plaintiff. Indeed, as noted, plaintiff is not allowed to premise liability in this action "on an entirely different factual basis than that stated in the government

claim." *See Hernandez*, 90 Cal. App. 5th at 1232. While the court acknowledges plaintiff's difficulties in litigating this action pro se, that neither can serve as a basis for excusing him from compliance with legal requirements, nor can it restrict the County defendants' ability to assert defenses. For all of these reasons, the court declines to strike this affirmative defense.

**Conclusion**

Accordingly, it is hereby ORDERED that:

1. The Modesto defendants' motion to dismiss, ECF No. 28, is GRANTED.

2. Plaintiff's first amended complaint, ECF No. 9, is DISMISSED with leave to amend as to the Modesto defendants.

3. Plaintiff must file an amended complaint within twenty-one days of this order. Failure to do may result in dismissal of the Modesto defendants from this action.

4. Plaintiff's motion to strike, ECF No. 40, is DENIED.

5. Plaintiff's motion to strike, ECF No. 43, is GRANTED IN PART and DENIED IN PART. Per the County defendants' stipulation, the eighth and ninth affirmative defenses in the amended answer, ECF No. 41, are STRICKEN without leave to amend. Plaintiff's motion is denied in all other respects.

6. Plaintiff's motion to stay, ECF No. 48, is DENIED without prejudice.

IT IS SO ORDERED.

Dated: September 14, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE